## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LARRY JOHNSON,                          *

Petitioner                              *

v                                       *        Civil Action No. RDB-15-536
                                                 (Related Crim. Case RDB-07-153)
UNITED STATES OF AMERICA                *

Respondent                              *
                                       ***

## MEMORANDUM OPINION

On September 7, 2007, a jury found Petitioner Larry Johnson guilty on all three counts of

his indictment. ECF No. 57. These three counts included: (1) possession with intent to distribute

cocaine and heroine in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in

furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On November 29, 2007, this

Court sentenced Petitioner to a total term of 360 months, as well as three years of supervised

release and an assessment of $300. ECF No. 60.

On October 6, 2011, Larry Johnson filed a Motion to Vacate pursuant to 28 U.S.C. §

2255 (ECF No. 90) alleging, as amended (ECF No. 100), (1) that this Court's conclusions were

unsupported by fact; (2) that the federal prosecution was a sham prosecution; (3) that this case

warranted a retroactive application of *Arizona v. Gant*, 556 U.S. 332 (2009); (4) that Petitioner's

counsel rendered ineffective assistance; and (5) that the Government's actions regarding some of

the evidence violated Petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963).   On

August 2, 2013, the Court denied the Motion.  ECF 115 & 116.

On July 31, 2014, Petitioner filed a "Motion for Relief Pursuant to Federal Rules of Civil

Procedure 60(b)(3)(4) and (6). ECF 127.  He thereafter filed a Memorandum in Support of the

Motion. ECF 130. Petitioner alleges that in dismissing his § 2255 petition the Court failed to properly distinguish his "fraud allegation (Ineffective Assistance of  counsel for failing to investigate ta the pre-trial stage regarding 'Project Exile's' involvement with the state and federal plea offers."  ECF 127, p. 4. Petitioner notes that the Court in fact addressed this claim, but argues that the Court failed to do so adequately and "committed fraud" in finding no prejudice in trial counsel not seeking additional discovery. *Id.*, p. 8-9.  Petitioner also advances arguments countering the Court's findings regarding the constitutionality of the Project Exile program and generally restates his claims regarding ineffective assistance of counsel in that regard. *Id.*, p. 11-16.

Next, Petitioner alleges it was "fraud" for the Court to begin his sentence on April 30, 2007, noting that he had been in custody since his arrest on September 14, 2006. *Id.*, p. 16-17. Petitioner notes that the Court properly advised the parties that prior custody credit for time Petitioner served in state custody prior to being "brought over" for the federal charge was a matter left to the discretion of the Bureau of Prisons.[1] *Id.*, p. 17.

Petitioner further argues that he is entitled to relief under Rule 60(b)(3) in that the U.S. Attorney and State's Attorneys Offices "deliberately committed misconduct by not disclosing required release Project Exile criteria..." *Id.*, p. 22. Here, Petitioner reiterates his claim that he was not advised during his state court proceedings that if he rejected the state plea offer his case would be taken to federal court. *Id.*, p. 25.

Petitioner next alleges that the court lacked subject matter jurisdiction to hear his case because the case was transferred from the state to federal court due to his rejection of the state plea offer. *Id.*, p. 29.  He reiterates his claim raised at pretrial, trial, and in his § 2255 Motion that

---

[1] If Petitioner believes the BOP has failed to properly credit his sentence, he is free to file a petition for habeas relief under 28 U.S.C. § 2241.

failure to advise him that he would be tried federally if he rejected the state plea offer violated his due process rights. He alleges the failure to disclose the impending federal indictment violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963) and maintains that failure to disclose this information to him deprived the court of subject matter jurisdiction. *Id*., p. 33. Lastly,  Petitioner argues that he is entitled to relief under 60(b)6) as his case is of extraordinary circumstances demanding relief. *Id*. p. 34.

In dismissing Petitioner's Motion to Vacate, the Court addressed Petitioner's claims that his federal prosecution was improper due to his state charges being nolle prosed and his being federally indicted through the Project Exile program, as well as his claims that he was denied effective assistance of counsel in challenging the "transfer" of jurisdiction and the Project Exile program.   ECF 115, p. 7 (denying Petitioner's "Sham Prosecution Claim"), p. 11 denying Petitioner's ineffective assistance of counsel claims regarding failure to file a motion for discovery and inspection and failure to file a motion to dismiss the indictment based on a constitutional challenge to the Project Exile program.)

Although Defendant may have chosen to characterize the instant Motion as brought pursuant to Fed R. Civ P. 60(b), this Motion is, in essence, an attempt to collaterally attack his criminal conviction and sentence, and it will be construed for this reason as a 28 U.S.C. §2255 Motion to Vacate Sentence. Regardless of the label used in the Motion, it is the subject  matter, not its title,  which determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *Buchanan v. Gilmore*, 139 F.3d 982, 983-84 (4th Cir. 1998).

In *United States v. Weinstock*, 340 F.3d 200, 206-07 (4th Cir 2003), the United States Court of Appeals for the Fourth Circuit distinguished between a Rule 60(b) motion and a 28 U.S.C. §2255 motion to vacate, set aside or correct sentence. The Fourth Circuit explained that

"a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* at 207.  Where, as here, a prisoner attacks his conviction, not the underlying collateral review process, the motion is more properly construed as a § 2255 motion to correct sentence.  As such, this Motion represents Defendant's second or successive Motion for collateral relief under 28 U.S.C. §2255. A second or successive § 2255 petition may not be filed absent authorization to do so from the Court of Appeals.

Under 28 U.S.C. §2255:

> A second or successive motion must be certified  as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals.  Consequently, this Court may not consider the merits of the claim.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this Court may examine the claims.

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.  Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.

_____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE